IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| LOUIS F. TRAUTH, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:13-CV-00224-RWS-JCF |
| FOREST LABORATORIES, INC., | : | |
| et al., | : | |
| | : | |
|     Defendants | : | |

## FINAL REPORT AND RECOMMENDATION

This case is before the undersigned for review of Plaintiff's Amended Complaint (Doc. 10) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because Plaintiff's complaint fails to state a federal claim on which relief can be granted, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** and that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

## Procedural History

On September 26, 2013, Plaintiff, proceeding *pro se*, filed a Complaint in which he asserts claims against Defendants Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., James Morrow, M.D., and H. Lundbeck, A\S, arising from the manufacture, licensing, marketing, labeling, and prescription of the medication

1

Lexapro, which Defendant alleges caused him to kill his wife and attempt to kill himself.  (*See* Doc. 1).  Plaintiff did not specify what causes of action he asserts, but alleged that "[t]he Georgia code applicable in this case is O.C.G.A. § 51-1-11" (*id.* at ¶ 62), which is Georgia's products liability statute.

By Order and Report and Recommendation dated September 27, 2013 (Doc. 3), the undersigned granted Plaintiff's application to proceed *in forma pauperis*, but recommended that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.  Specifically, the undersigned found that Plaintiff had not demonstrated diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship does not exist between Plaintiff and all Defendants, and he had not shown that federal question jurisdiction exists under 28 U.S.C. § 1331 because he alleged no claim "arising under the Constitution, laws, or treaties of the United States."  (*See* Doc. 3 at 3-4).

Plaintiff then filed objections to that recommendation, in which he argued that he has alleged federal claims. (*See* Doc. 8).  Specifically, Plaintiff asserted that his Complaint "contains claims under Article III of the Constitution and the 14th Amendment of the Constitution and claims involving violations of various laws of the United States including, to wit: a) The false and misleading Advertising Act; b) The Prevention of Consumer Fraud Act; c) the Uniform Deceptive Trade

Practices Act; d) The Consumer Fraud and Deceptive Trade Practices Act; e) the Federal Food, Drug, and Cosmetic Act, etc." (*Id.* at ¶ 4). Plaintiff also referenced statutory and regulatory provisions he alleges Defendants violated and asserted that his claims involve original jurisdiction under " a) 28 U.S.C. § 1337 (commerce and antitrust regulations; amount in controversy, costs); b) 28 U.S.C. § 1338 (patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition); (c) 28 U.S.C. § 1357 (injuries under federal laws); d) 28 U.S.C. §§ 2201, 2202 (declaratory judgments)." (*Id.* at ¶¶ 5, 6).

District Judge Richard W. Story considered Plaintiff's objections and noted that "Plaintiff alleges in conclusory fashion a series of claims based upon federal law," and that Plaintiff "failed to allege specific facts in support of his claims." (*See* Doc. 9 at 1-2). In light of Plaintiff's *pro se* status, however, Judge Story allowed Plaintiff to file an amended complaint "properly pleading his federal causes of action." (*Id*. at 2). Judge Story also directed that the case be referred back to the undersigned for consideration of the amended complaint.

On November 25, 2013, Plaintiff filed an Amended Complaint (Doc. 10) in which he "incorporates by reference the complaint and the objections to the recommendation as if fully stated herein." (*Id.* at ¶ 1). Plaintiff also repeats his assertions made in his objections about his purported federal claims. (*See id.* at ¶

3

4).  The undersigned now considers that complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), which requires the Court to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

## Discussion

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 678-79.

To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

"Additionally, because Plaintiff[ is] acting pro se, [his] 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.' " *Shields v. Bank of Am.*, No. 2:11-CV-00267-RWS, 2012 U.S. Dist. LEXIS 30183, at * 3 (N.D. Ga. Mar. 6, 2012) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). " 'This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action.' " *Id.* (quoting *Thomas v. Pentagon Fed. Credit Union*, 393 Fed. Appx. 635, 637 (11th Cir. 2010)).

In light of Plaintiff's allegations of violations of federal Constitutional, statutory, and regulatory provisions, the undersigned assumes for the sake of discussion that Plaintiff has shown that federal question jurisdiction exists. Plaintiff has not, however, stated a claim on which relief may be granted under any of the cited provisions.

First, Plaintiff's claim that Defendants violated Article III and the Fourteenth Amendment to the United States Constitution (*see* Doc. 10 at ¶ 4(j)) fails because "[t]he federal constitution does not protect against injuries by purely private individuals – that is, individuals who cannot be considered as acting for state or

local government." *Howard v. Wal-Mart*, 175 Fed. Appx. 282, 283 (11th Cir. 2006) (unpublished decision). Defendants in this case are all private actors, and therefore, "nothing they allegedly did could have constituted a violation of the federal constitution." *Id.* at 284.

Next, Plaintiff alleges that Defendants violated several statutory and regulatory provisions under the federal Food, Drug, and Cosmetics Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"). (*See* Doc. 10 at ¶¶ 4(b)-(f), (h)-(i)). The FDCA "is a Federal law that regulates the manufacture, use, or sale of drugs," and "is the primary federal law regulating the actions of drug manufacturers." *Ironworkers Local Union 68, et al. v. Astrazeneca Pharmaceuticals, LP, et al.*, 634 F.3d 1352, 1355 n.3 (11th Cir. 2011) (internal quotation omitted). It does not provide for a private right of action, however. Instead, "all such proceedings for the enforcement, or to restrain violations" of the FDCA "shall be by and in the name of the United States," with certain exceptions not applicable here. 21 U.S.C. § 337; *see also Wyeth v. Levine*, 555 U.S. 555, 574 (2009) (noting that "Congress did not provide a federal remedy for consumers harmed by unsafe or ineffective drugs" in the FDCA or its amendments); *Keller v. Strauss*, 480 Fed. Appx. 552, 554 (11th Cir. 2012) (unpublished decision) ("In no situation does the FDCA provide for a

private cause of action."); *Ellis v. C.R. Bard, Inc.*, 311 F.3d 1272, 1284 n.10 (11th Cir. 2002) ("[N]o private right of action exists for a violation of the FDCA.").

Plaintiff also cites to other statutes which either do not exist, e.g. "42 U.S.C. § 30099-22(b)(1)" (Doc. 10 at ¶ 4(a)), or that fail to support a cause of action in this case, such as the Federal Tort Claims Act, 28 U.S.C. § 2674 (Doc. 10 at ¶ 4(g)), which governs tort claims against the United States, which is not a Defendant.

Finally, as Judge Story observed about Plaintiff's objections to the undersigned's Report and Recommendation, Plaintiff "alleges in conclusory fashion a series of claims based upon federal law." (*See* Doc. 9 at 2). Plaintiff alleges violations of "the false and misleading Advertising Act, the prevention of Consumer Fraud Act, the Uniform Deceptive Trade Practices Act, the Consumer Fraud, and Deceptive Trade Practices Act, the food, drug, and cosmetic act." (Doc. 10 at ¶ 4(k)). Putting aside the issues of whether these statutes exist, whether they are all federal statutes, and whether they govern Plaintiff's allegations in this case, Plaintiff has failed to state a claim under them. He has not identified any relevant provisions Defendants allegedly violated, nor has he alleged how each Defendant violated those provisions, in spite of Judge Story's observation that Plaintiff had "failed to allege specific facts in support of his

claims" in his objections.  (*See* Doc. 9 at 2).  Plaintiff's bare allegation that Defendants violated these Acts is insufficient to state a claim under Rule 8, *Twombly* or *Iqbal*.

Plaintiff also cites to statutory provisions which provide that the federal courts have original jurisdiction for certain types of claims, including 28 U.S.C. § 1337 (cases arising under federal statutes "regulating commerce or protecting trade and commerce against restraints and monopolies"); 28 U.S.C. § 1338 (cases arising under federal statutes "relating to patents, plant variety protection, copyrights and trademarks"); 28 U.S.C. § 1357 (cases brought to recover damages caused while protecting or collecting revenues or enforcing the rights of citizens to vote); and 28 U.S.C. §§ 2201, 2202 (declaratory judgment actions).  (*See* Doc. 10 at ¶¶ 4(l)-(o)).  Those statutes do not provide independent causes of action; they simply provide that the federal courts have jurisdiction over claims brought under certain federal statutes.  Plaintiff has not, however, alleged facts to support a claim under any federal statute, including but not limited to, statutes related to anti-trust violations, patents, copyrights and trademarks.  Thus, his reliance on these jurisdictional statutes is misplaced.

Because Plaintiff has failed to state a federal claim against Defendants, the undersigned **RECOMMENDS** that Plaintiff's federal claims be **DISMISSED**.

The undersigned further **RECOMMENDS** that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).[1] *See Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006) (unpublished decision) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims.").

## Summary

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** and the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims.

The Clerk is **DIRECTED** to terminate the reference of this case to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED** this 4th day of December, 2013.

　/s/　*J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

---

[1] As discussed in the September 27, 2013 Report and Recommendation, diversity jurisdiction over Plaintiff's state law claims does not exist because there is not complete diversity between Plaintiff and all Defendants. (*See* Doc. 3 at 4).