IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LOUIS F. TRAUTH, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:13-CV-0224-RWS |
| FOREST LABORATORIES, INC., : | |
| *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's Application to Appeal *In Forma Pauperis* [22]. After reviewing the record, the Court enters the following Order.

Plaintiff filed the original Complaint on September 26, 2013, asserting claims against Defendants arising from the manufacture, licensing, marketing, labeling, and prescription of the medication Lexapro which Defendant alleged caused him to kill his wife and attempt to kill himself [1]. On September 27, 2013, Magistrate Judge J. Clay Fuller granted Plaintiff's Application to Proceed *In Forma Pauperis* but recommended dismissal of the action for lack of subject matter jurisdiction [3]. Specifically, Judge Fuller found that Plaintiff had not demonstrated diversity jurisdiction and had not alleged a federal question. In his

Objections [8] to Judge Fuller's recommendation, Plaintiff asserted that his Complaint did include federal claims. The undersigned allowed Plaintiff to file an Amended Complaint which was to be referred back to Judge Fuller for consideration.

On November 25, 2013, Plaintiff filed an Amended Complaint [10] which was referred to Judge Fuller for consideration. On December 4, 2013, Judge Fuller issued a Report and Recommendation [11] in which he assumed for the sake of discussion that Plaintiff had shown that federal question jurisdiction existed, but found that the Complaint failed to state a claim on which relief could be granted. Therefore, he recommended dismissal of the case. Plaintiff filed Objections [14] to the Report and Recommendation, and after considering those Objections, the Court adopted the Report and Recommendation and dismissed this action. [15].

Plaintiff filed an appeal of the Court's decision and the Judgment entered thereon, and the case is before the Court for consideration of Plaintiff's Application to Appeal *In Forma Pauperis* [22].

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915

provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the

3

appeal must be brought in good faith.

Plaintiff has submitted an affidavit stating his inability to pay the filing fee required for an appeal, but has not completed a complete financial affidavit. The case having been considered *in forma pauperis* for purposes of dismissal, the Court, for purposes of the present application will presume that Plaintiff has made the requisite showing. The Court therefore turns to examine whether Plaintiff has satisfied the good faith requirement.

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated differently, an *in forma pauperis* action is frivolous, and thus

4

not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Both § 1915(a) and Rule 24(1) require the individual seeking to appeal *in forma pauperis* to submit a statement of good faith issues to be appealed. See, e.g., FED. R. APP. P. 24(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F. Supp. 757, 760 (D.C. La. 1963).

In his appeal, Plaintiff challenges the Court's conclusion that his Complaint failed to state a federal cause of action and the Court's declining supplemental jurisdiction over his state law claims. For the reasons set out in the Report and Recommendation [11], the Court finds that Plaintiff's appeal

AO 72A
(Rev.8/82)

does not involve issues that have arguable merit either in law or fact. Therefore, the Court concludes that any appeal taken from this matter would be frivolous and without arguable merit. Accordingly, Plaintiff's Application to Appeal *In Forma Pauperis* [22] is **DENIED**.

**SO ORDERED**, this  23rd  day of April, 2014.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)